**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-25-04083-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| WPT Properties LP, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to remand this action to Maricopa County Superior Court and award fees and costs. (Doc. 10.) For the reasons that follow, the motion is granted.

## BACKGROUND

On September 30, 2025, Plaintiff sued Defendants in Maricopa County Superior Court. (Doc. 1-1 at 4-20.) In broad strokes, "Plaintiff's complaint asserts a cause of action for breach of a $1.28 billion loan that Plaintiff alleges has become due and has not been paid." (Doc. 1 ¶ 8.)

On October 2, 2025, Plaintiff filed a motion asking the state court to "appoint a receiver to take immediate possession and control of the real and personal property pledged as collateral for the commercial real estate loan that is at issue in this litigation and pursuant to which Defendants are the borrowers and owe [Plaintiff] more than $1.28 billion." (Doc. 3 at 2.)

On October 27, 2025, Defendants filed a response in opposition to the receivership

application. (Doc. 4.)

On October 28, 2025, Plaintiff filed a reply in support of the receivership application. (Doc. 5.)

On October 29, 2025, the state court judge held a hearing on the receivership application. (Doc. 1 ¶ 4. *See also* Doc. 9-1 [minute entry].)

Later that day, and before the state court judge ruled on the receivership application, Defendants filed a removal notice. (Doc. 1 ¶4.) The removal notice asserts that subject-matter jurisdiction is based solely on diversity. (*Id.* ¶ 7.)

On November 3, 2025, the Court set a status conference for the morning of November 5, 2025, noting that the legal standard for appointing a receiver is different under federal law than under state law, such that the parties should consider whether the receivership application would need to be re-briefed in light of the removal to federal court. (Doc. 8.)

Later that day, Plaintiff filed the pending motion to remand (Doc. 10), along with a notice requesting expedited consideration (Doc. 11).

On November 4, 2025, the Court set an expedited briefing schedule. (Doc. 12.)

On the morning of November 5, 2025, before the status conference, Defendants filed their response in opposition to the remand motion and a supporting declaration, setting forth additional jurisdictional facts. (Docs. 13, 13-1.) At the status conference, the Court noted that its review of the response and declaration raised an obvious deficiency in that certain individuals who are part of the diversity analysis were only identified by their first name and last initial. *W. All. Bank v. Goldenrod Cap. Partners LP*, 2024 WL 260821, *3 (D. Ariz. 2024) ("[A]s multiple courts have concluded, it is impermissible for a party seeking to invoke a federal court's limited jurisdiction to refuse to disclose, on confidentiality grounds, the true identities of the individuals and entities whose citizenship must be established as part of the diversity analysis. Such disclosure is part of the price of establishing an entitlement to a federal forum."). The Court offered Defendants the opportunity to provide a supplemental response by November 7, 2025 and extended the

reply deadline to November 11, 2025.

On November 7, 2025, Defendants filed their supplemental response to the remand motion (Doc. 15) and supplemental declaration in support thereof (Doc. 15-1).

On November 11, 2025, Plaintiff filed its reply brief. (Doc. 16.)

**DISCUSSION**

I. <u>Legal Standard</u>

"[T]he party seeking to invoke the district court's diversity jurisdiction *always* bears the burden of *both pleading and proving* diversity jurisdiction." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1175 (9th Cir. 2025) (citation omitted). There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Diversity jurisdiction requires complete diversity of citizenship. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). "[A] partnership is a citizen of all of the states of which its partners are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). It is not enough to plead "the citizenship of the general, but not the limited, partners"—the citizenship of a partnership cannot be determined by establishing the citizenship of "some but not all of its members." *Carden*, 494 U.S. at 187-92. Pleading the citizenship of all partners can be a complicated task. The partners must be listed and the citizenship of each affirmatively alleged, using the proper legal standard for each—*i.e.*, alleging the place of domicile[1] for partners who are natural individuals, the place of incorporation and principal place of business for partners that are corporations, and, if any of the partners are unincorporated business associations, the citizenship of each such partner's partners or members, again using the proper legal standards. *Johnson*, 437 F.3d

---

[1]  An individual's state of domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 857.

- 3 -

1  at 902 ("LLCs have the citizenship of all of their owners/members").

2  II.     The Removal Notice

3  The removal notice asserts that "Plaintiff is a national banking association, with its main office in Sioux Falls, South Dakota, and its corporate headquarters in San Francisco, California." (Doc. 1 ¶ 10.)

There are two Defendants in this action, WPT Properties LP ("WPT Properties") and WPT Land 2 LP ("WPT Land 2"). As for WPT Properties, the removal notice states that it "is a Delaware limited partnership, with its principal place of business in Florida"; that "99.9% of WPT Properties' partnership interests are owned by Workspace Property Trust, LP ('Workspace'), which is a Delaware limited partnership with its principal place of business in Florida"; that "0.01% of WPT Properties' partnership interests are owned by RVFP General Partner LLC ('RVFP'), which is a Delaware limited liability company with its principal place of business in Florida"; and that "[n]one" of Workspace's partners or RVFP's members, nor any "of the individuals or corporations with direct or indirect ownership interests" in Workspace or RVFP, "are residents or domiciliaries of California, South Dakota, or Arizona." (*Id.* ¶ 11.) The jurisdictional facts stated about WPT Land 2 are identical to the jurisdictional facts stated about WPT Properties. (*Id.* ¶ 12.)

III.    The Parties' Arguments

Plaintiff contends the removal notice is defective for a variety of reasons. (Doc. 10.) One of the asserted flaws identified at the outset of the motion is that the removal notice fails to identify either Defendant's partners: "[Defendants] filed their Notice of Removal without identifying the actual partners whose citizenship must be identified for purposes of determining whether diversity jurisdictions exists . . . ." (*Id.* at 3.) However, later portions of the motion seem to presuppose that Workspace and RVFP qualify as Defendants' partners and that the flaw in the removal notice arises from the failure to properly allege those entities' citizenship. (*Id.* at 7 ["Because [Defendants], which are both limited partnerships whose only partners are themselves a limited partnership (Workspace) and an LLC (RVFP), have failed to allege with specificity the citizenship of Workspace

- 4 -

and RVFP, [Defendants'] notice of removal is facially insufficient to establish complete diversity of citizenship with [Plaintiff]."].)  Plaintiff further asserts that Defendants removed the action a few hours after a hearing in which the state court "indicated it was inclined to grant" Plaintiff's motion to appoint a receiver, such that the removal "should be seen for what it is—a delay tactic to avoid an unfavorable ruling from the State Court." (*Id.* at 3.)

Defendants' initial response implicitly concedes that the removal notice is defective—"Defendants pled the citizenship of its direct and indirect owners in the manner it did only because their ownership structure is incredibly complex and Defendants have legitimate concerns about the privacy of individual investors"— but asserts that Defendants can "cure any deficiencies related to the diversity of the parties' citizenship" by "responding to a motion to remand with evidence or additional allegations establishing the court's jurisdiction." (Doc. 13 at 1, 3.)  Defendants attached a declaration from Roger W. Thomas ("Thomas"), the President and Chief Operating Officer of Workspace, setting forth detailed information about Workspace's citizenship.  (Doc. 13-1.)

Defendants' supplemental response (Doc. 15) is supported by the supplemental declaration from Thomas (Doc. 15-1), which "provid[es] the previously omitted full names of certain individual investors, and . . . (1) clarifies the citizenship of the controlling interest in several trusts; (2) removes potential ambiguity with respect to the number of owners for certain entities; and (3) corrects an error with respect to where RVFP WS GP, LLC, falls within the organizational structure."  (Doc. 15 at 2.)  "Defendants did not add any individuals or entities that were not previously identified."  (*Id.*)

Plaintiff's reply brief states that Defendants still have failed to identify the actual partners whose citizenship must be identified for purposes of determining whether complete diversity exists:

> [Defendants] are limited partnerships and therefore have at least one general partner and one limited partner.  Nowhere in any of [Defendants'] three attempts at pleading diversity do they identify either their general or their limited partners.  Instead, they have tried to show diversity by generally alleging that [Workspace] has a 99.9% ownership interest in [Defendants] and that [RVFP] has a 0.01% ownership interest in [Defendants] and then

>providing a diversity analysis for Workspace and RVFP.
>
>. . .
>
>Workspace and RVFP are not the defendants in this case and, on information and belief, are not general or limited partners of [Defendants]. According to certifications made to [Plaintiff] by [Defendants] in the loan documents signed by [Defendants], WPT Properties LP has two partners, which are WPT Properties GP LLC and WPT Properties Mezz A LP. Neither of these entities are mentioned in [Defendants'] diversity analysis. Also, according to certifications made to [Plaintiff] by [Defendants] in the loan documents, WPT Land 2 LP has two partners, which are WPT Land 2 GP LLC and WPT Land 2 Mezz A LP, and which are also not mentioned in [Defendants'] diversity analysis.

(Doc. 16 at 2-3.) Plaintiff alternatively argues that Defendants failed to "provide a complete diversity analysis for Workspace and RVFP," highlighting various perceived omissions. (*Id.* at 4-11.)

IV.   Analysis

The "accepted rule [is] that . . . a partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004). It is thus necessary, for diversity purposes, to identify all of the partners of a partnership and allege each partner's citizenship. *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992) ("Nugget asserted diversity jurisdiction. It was required to specify affirmatively the citizenship of all relevant parties, which in the case of a limited partnership such as Nugget, are the partners."); *Vitus Grp., LLC v. Admiral Ins. Co.*, 2025 WL 2717427, *1 (9th Cir. 2025) (stating that "the citizenship of any limited partnership partners" is necessary "for the purposes of establishing diversity jurisdiction in federal court" and that the removal notice was deficient because it identified the citizenship of "most, but not all," of "the various partners and members comprising the Vitus Parties entities") (citation omitted); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) ("For purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens . . . . Appellees' notice of removal fails to state the citizenship of the partners . . . [so] Appellees have failed to satisfy their burden to show complete diversity between the parties."); *Asana*

*Partners Fund II Reit 14 LLC v. Heath Fam. I LLC*, 2020 WL 7241449, *3 (W.D. Wash. 2020) ("To properly plead the citizenship of a limited partnership, a plaintiff must plead the citizenship of all of the partnership's general partners and limited partners.").

Given these principles, the remand analysis here is straightforward. Defendants are limited partnerships, yet they failed to identify their partners (let alone establish the citizenship of those unspecified partners) in the removal notice. Moreover, after Plaintiff raised this omission (albeit in somewhat contradictory fashion) in the motion to remand, Defendants failed to remedy it in either of their supplemental declarations and ignored it in their response briefs.

Although Defendants do not explicitly say so, they appear to believe it was permissible to identify and establish the citizenship of the entities holding an "ownership interest" in them in lieu of identifying and establishing the citizenship of their partners. But any such argument is foreclosed by the authorities identified above—time and again, courts in the Ninth Circuit have required that partner information be provided in this context. *See also RMS NA, Inc. v. RMS (Aus) Pty Ltd.*, 2025 WL 2998360, *3 (S.D. Cal. 2025) ("The SAC does not adequately allege Advent's citizenship. The SAC alleges that Advent is an Australian limited partnership with its principal place of business in Victoria, Australia. These allegations are insufficient because Advent is a limited partnership, not a corporation. A limited partnership is considered a citizen of every state in which its partners are citizens. The SAC does not allege the citizenship of any of Advent's partners. Rather, the SAC merely alleges that many of Advent's 'investors' are in California. It is unclear whether any of these 'investors' are partners in the limited partnership. Therefore, because Plaintiff has not sufficiently alleged the citizenship of the partners of Defendant Advent in the SAC, the Court concludes the SAC does not adequately allege diversity jurisdiction.") (citations omitted). Furthermore, the Ninth Circuit has held that when a wholly owned subsidiary seeks to assign a claim to its parent to create diversity jurisdiction, this "triggers a presumption of collusion." *Nike, Inc. v. Comercial Iberica de Exclusivas*

*Deportivas, S.A.*, 20 F.3d 987, 991-92 (9th Cir. 1994).[2] If an "ownership interest" were alone sufficient in the diversity analysis, the disfavored tactic addressed in *Nike* would be unnecessary—no assignment (collusive or otherwise) would be necessary to rely on the owner's citizenship for purposes of establishing diversity.

At any rate, even if one could establish a partnership's citizenship by alleging the citizenship of the entities with "ownership interests" in the partnership, rather than the citizenship of the partnership's partners, Defendants' "ownership interest" allegations would fail for other reasons. Defendants allege that Workspace and RVFP cumulatively possess a 99.91% ownership interest in each of them. (Doc. 1 ¶¶ 11-12.) But this is not the same thing as a 100% ownership interest. The remaining 0.09% ownership interest is a mystery, which would matter if "ownership interest" were part of the diversity analysis.

Defendants have already had three opportunities to set forth adequate jurisdictional facts and failed, in their second and third attempts, to address the most fundamental deficiency identified in Plaintiff's motion—failure to identify the partnerships' partners. Opportunities cannot be afforded *ad infinitum*; the time to remand has come. *Rosenwald.*, 152 F.4th at 1184 ("Although 28 U.S.C. § 1653 provides a liberal amendment rule, that rule is not unlimited. That statute exists to avoid the needless expenditure of judicial resources and it ceases to operate when further amendment no longer serves that purpose. We have reached that point here. Plaintiffs are not *pro se*; they have sophisticated counsel. Even so, they failed to plead subject-matter jurisdiction in the original Complaint, First Amended Complaint, or SAC.") (cleaned up).

The Court also grants Plaintiff's request for attorneys' fees and costs. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain

---

[2] Here, there is no suggestion that there has been any assignment, collusive or otherwise—the Court invokes *Nike* merely to illustrate that Defendants' actual citizenship must be alleged, not the citizenship of entities that have an ownership interest in Defendants.

discretion to consider whether unusual circumstances"—including "failure to disclose facts necessary to determine jurisdiction"—"warrant departure from the rule in a given case." *Id.* Defendants' removal notice failed to disclose "the actual partners whose citizenship must be identified for purposes of determining whether diversity jurisdictions exists" (Doc. 10 at 3), and their response to the motion to remand, attached declaration, supplemental response, and supplemental declaration did not remedy this omission. The Court thus concludes that attorneys' fees are warranted, even without considering whether removal in the first place was a method of delaying litigation and/or attempting to avoid an adverse ruling in state court.

The parties are directed to meet and confer to see if they can work out an agreement on the issue of attorneys' fees and costs. If the parties cannot agree, the Court retains jurisdiction to entertain a motion for attorneys' fees and costs, *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992), which Plaintiff may file within three weeks of the date of this order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 10) is **granted**. This action is **remanded** to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that the parties shall meet and confer in an attempt to agree on the amount of attorneys' fees and costs Defendants shall pay to Plaintiff.

**IT IS FURTHER ORDERED** that if the parties cannot agree, Plaintiff may file a motion for attorneys' fees and costs within three weeks of the date of this order.

Dated this 21st day of November, 2025.

Dominic W. Lanza
United States District Judge